UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

THE UNITED STATES OF AMERICA                             04-CR-45E

          -vs-                                            MEMORANDUM
                                                      and
JOSEPH CIARDULLO,                                        ORDER[1]
                 Defendant.

_____

Defendant is charged with knowingly and intentionally conspiring to import into the United States from Canada and to possess with the intent to distribute 100 kilograms or more of marijuana and with making a materially false statement to United States Customs and Border Protection Officers. Defendant is alleged to have committed said acts on February 29, 2004 and has since been detained. The government sought to have defendant detained pending trial and a detention hearing was held on March 4, 2004 before United States Magistrate Judge H. Kenneth Schroeder, Jr. in accordance with the Bail Reform Act, 18 U.S.C. §3124(f). Judge Schroeder, on March 5, 2004, ordered that defendant remain detained pending trial ("Order of Detention"). On April 5, 2004 defendant moved to revoke the Order of Detention, which Judge Schroeder denied in his June 2, 2004 Decision and Order ("D&O") for the reasons set forth in the Order of Detention. (D&O at 1-2.) Before the Court is defendant's September 13, 2005 appeal of the

---

[1]This decision may be cited in whole or in any part.

D&O ("Appeal").  For the reasons set forth below, defendant's Appeal will be denied and defendant will remain detained pending trial.

Defendant may seek review of Magistrate Judge Schroeder's pretrial Order of Detention by the undersigned — a district judge with original jurisdiction over the matter.  18 U.S.C. §3145(b).[2]  Having received defendant's Appeal, this Court must conduct a *de novo* review of Judge Schroeder's Order of Detention.  *United States* v. *Leon*, 766 F.2d 77, 80 (2d Cir. 1985) ("[A] district court shall fully reconsider a magistrate's denial of bail and in ruling on a motion for revocation or amendment of a detention order should not simply defer to the judgment of the magistrate, but reach its own independent conclusion.").  Thus, the Court shall examine the issues anew, but, in so doing, shall utilize the factual and evidentiary record developed during the detention hearing before Judge Schroeder and reach its own independent findings of fact and conclusions of law.  *Ibid.*; *United States* v. *Stevens*, 2005 U.S. Dist. LEXIS 7215, at *5 (W.D.N.Y. 2005).

Defendant — a resident of Ontario, Canada with no criminal record — was driving a vehicle from Canada to the United States, in which there was approximately 1,091 pounds of hydroponic marijuana with a street value of nearly

---

[2] 18 U.S.C. §3145(b) states:
"**(b) Review of a detention order.**—If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly."

$3 million.  Defendant drove the vehicle from the Toronto area into the United States.  The Order of Detention found that, if allowed to return to Canada, defendant may be motivated and induced to not return to the United States because the large quantity and value of the marijuana coupled with the evasive tactics and possibility of others being involved in the importation of the marijuana suggest that this was an organized operation and that the $10,000 bail amount would not sufficiently motivate defendant to return to the United States to appear on matters in this case.  (Order for Detention at 2-3.)  Defendant, in his Appeal, claims that he should receive bail for he is not a danger to the community and that the conditions of release need not guarantee his return.  Neither the government nor defendant have submitted new information or evidence to supplement that which was proffered during the detention hearing.  Thus, the record developed before Judge Schroeder constitutes the complete record of defendant's detention proceedings and the Court will review the transcripts of the detention hearing and the papers submitted by both parties to reach its own findings and holding.

Under the Bail Reform Act, 18 U.S.C. §3141 *et seq.*, pretrial detention is available only pursuant to 18 U.S.C. §3142(e), which expressly authorizes the pretrial detention of a defendant upon a judicial finding that "no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community".

18 U.S.C. 3142(e);[3] 18 U.S.C. 3142(a)(2).  The government's motion seeking detention is permitted only if the defendant is charged with one of the enumerated crimes — *viz.*, a crime of violence, an offense for which the sentence is life imprisonment or death, a serious drug offense or a felony committed by certain repeat offenders — or if there is a serious risk that the defendant will flee or obstruct or attempt to obstruct justice.  18 U.S.C. §3142(f).  Satisfaction of any one of these six categories triggers a mandatory detention hearing before a judicial officer.  18 U.S.C. 3142(f).[4]  Pretrial detention, thus, requires the Court to

---

[3] 18 U.S.C. §3142(e) states, in pertinent part:

**(e) Detention.**—If, after a hearing pursuant to the provisions of subsection (f) of this section, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial.

\* \* \* \* \*

Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the \*\*\* Controlled Substances Import and Export Act \*\*\*."

[4] 18 U.S.C. §3142(f) states, in pertinent part:

**"(f) Detention hearing.**—The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of such person as required and the safety of any other person and the community—

**(1)** upon motion of the attorney for the Government, in a case that involves—

**(A)** a crime of violence, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

**(B)** an offense for which the maximum sentence is life imprisonment or death;

**(C)** an offense for which a maximum term of imprisonment of ten

(continued...)

conduct a two-step inquiry. First, the Court must determine by a preponderance of the evidence that defendant is charged with one of the crimes enumerated in 18 U.S.C. §3142(f)(1) or presents a risk of flight or obstruction of justice. *United States* v. *Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). Once this determination has been made, the Court must determine whether any condition or combinations of conditions of release will protect the safety of the community and reasonably assure defendant's appearance at trial. *Ibid*.

Defendant is charged with violating, *inter alia*, 21 U.S.C. §960(b)(2)(G), a charge for which a penalty of not less than 5 years and not more than 40 years of imprisonment may follow. Thus, defendant is charged with one of the four enumerated crimes in 18 U.S.C. §3142(f)(1) — in particular, defendant is charged with an "offense for which a maximum term of imprisonment of ten years or more

---

[4](...continued)
years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or the Maritime Drug Law Enforcement Act (46 U.S.C. App. 1901 et seq.); or
    **(D)** any felony if such person has been convicted of two or more offenses described in subparagraphs (A) through (C) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (A) through (C) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; or
**(2)** Upon motion of the attorney for the Government or upon the judicial officer's own motion, in a case that involves—
    **(A)** a serious risk that such person will flee; or
    **(B)** a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror."

is prescribed in ∗∗∗ the Controlled Substances Import and Export Act". 18 U.S.C. §3142(f)(1)(C). As such, it is presumed that there is no condition or combination of conditions that will reasonably assure defendant's appearance and defendant has the burden of coming forward with evidence to rebut this flight presumption. 18 U.S.C. §3142(e); *see also Stevens*, at *12. "While a defendant must introduce some evidence contrary to the presumed fact in order to rebut the presumption, the government retains the burden of proof and persuasion on the ultimate issue of whether there are release conditions that can reasonably assure the defendant's appearance and protect the community." *Stevens*, at *12 (citations and quotations omitted). "Once a defendant introduces rebuttal evidence, the presumption, rather than disappearing altogether, continues to be weighed along with other factors to be considered when deciding whether to release a defendant." *United States* v. *Rodriguez*, 950 F.2d 85, 88 (2d Cir. 1991). Such factors are set forth in 18 U.S.C. §3142(g) and include the nature and circumstances of the offense charged — to wit, if the offense involves a narcotic drug —, the weight of the evidence against the defendant and the history and characteristics of the defendant. 18 U.S.C. §3142(g);[5] *Leon*, at 81 ("Subsection (g),

---

[5] 18 U.S.C. §3142(g) states:

"**(g) Factors to be considered.**—The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—

(continued...)

in turn, details the factors to be considered by a judicial officer in determining whether the government has proved by 'clear and convincing' evidence that it should be one of the rare cases warranting detention."). The Second Circuit Court of Appeals has held that, in deciding whether to detain a defendant, "a judicial officer must weigh factors such as the nature and circumstances of the crime charged, whether it involved violence or drugs, the personal history of the [defendant], the seriousness of the danger posed by the [defendant's] release, and the evidence of the [defendant's] guilt." *Leon*, at 81. Included in the definition of

---

[5](...continued)
    **(1)** The nature and circumstances of the offense charged, including whether the offense is a crime of violence, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed or involves a narcotic drug;
    **(2)** the weight of the evidence against the person;
    **(3)** the history and characteristics of the person, including—
        **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
        **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
    **(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required."

"danger" is "the harm to society caused by narcotics trafficking". *Ibid.*; 18 U.S.C. §3142(g)(4).

Here, defendant has not provided any rebuttal evidence.  In his Appeal, he simply claims that he does not pose a danger to the community and that the conditions of his release need not guarantee his appearance.  In his original motion to revoke the Order of Detention, defendant claims that he has no prior convictions and that he lives with his mother for whom he provides care and that he supports his three children.  These arguments, however, merely address defendant's history and characteristics and not whether the crimes for which he has been indicted pose a "danger" to society.  The government, on the other hand, has proffered sufficient evidence to show that defendant presents a risk of flight and that no conditions could reasonably assure his presence at trial.  First, the government has shown that the conditions of his proposed release will not assure his appearance as they do not pertain to defendant.[6]  Second, the government proffered evidence at the detention hearing that strongly suggests that defendant was part of a larger scheme to import large quantities of valuable marijuana into the United States.  In particular, the government has proffered,

---

[6] The conditions of defendant's release include (1) surrendering his passport, (2) refraining from using alcohol and drugs and (3) being placed in the Customs Service computer system. The government claims that none of these conditions will affect defendant's appearance because (1) he does not have a passport, (2) he claims to not use alcohol and drugs and (3) he is already in the Customs Service computer system.

*inter alia*, that (1) Canadian customs and law enforcement officials had defendant under surveillance prior to his departure from the Toronto area and, during their surveillance of defendant, observed defendant waiting at a restaurant while the truck that he drove into the United States was being loaded with marijuana, (2) he made several evasive actions while driving as if to avoid any surveillance, (3) another vehicle driven by two individuals was following defendant in what appeared to be a counter-surveillance capacity and (4) Canadian officials searched warehouses in which they found evidence connecting defendant and others to this importation scheme and evidence of substantial wealth and controlled substances. Furthermore, defendant had over $3 million worth of hydroponic marijuana and is also charged with telling United States Customs and Border Protection Officers that he was destined for Patterson, New Jersey when, in fact, he was destined for McHenry, Illinois. Thus, all of the factors in 18 U.S.C. §3142(g), except those in subsection (g)(3), heavily weigh in favor of detention.

In light of the combination of the government's proffer, the statutory presumption in a narcotics case, the large value of marijuana found — in comparison to which $10,000 bail is minuscule —, and the complete lack of rebuttal evidence by defendant, the Court finds that the government has satisfied its burden. In addition to the presumption, the government has shown that the nature of the offense is such that defendant faces the possibility of a severe

sentence and the crime "involves a narcotic drug." 18 U.S.C. §3142(g)(1). As to the weight of the evidence, the government's proffer indicates that this was an organized operation that involved numerous individuals and large amounts of marijuana, to which defendant has made no attack. Pretrial detention, therefore, is necessary to *reasonably* assure defendant's presence at trial.

Accordingly, it is hereby **ORDERED** that defendant's Appeal is overruled, that Judge Schroeder's D&O is affirmed, that defendant shall remain detained pending trial and that the following directions regarding detention shall be implemented:

1. defendant shall be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility, separate, to the extent practicable, from persons awaiting or serving sentence or being held in custody pending appeal, pending trial of the charges herein against him;

2. defendant shall be afforded a reasonable opportunity for private consultation with defense counsel; and

3. upon order of a court of the United States or upon a request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DATED:   Buffalo, N.Y.

　　　　　October 19, 2005

　　　　　　　　　　　　　　　　　　　　　　　_/s/ John T. Elfvin_
　　　　　　　　　　　　　　　　　　　　　　　JOHN T. ELFVIN
　　　　　　　　　　　　　　　　　　　　　　　S.U.S.D.J.